IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH SHERRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-04072-CV-C-NKL |
| | ) |
| WIL-BFK FOOD SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Elizabeth Sherrell ("Sherrell") alleges she was fired by Defendant WIL-BFK Food Services, Inc. ("WIL-BFK"), in violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA"). Sherrell seeks damages including wages, interest, and attorney's fees; her Complaint [Doc. # 1] also prays for "such equitable relief as may be appropriate including reinstatement and/or promotion." Before the Court is WIL-BFK's Motion to Dismiss [Doc. # 13] and Sherrell's Motion to Add Party [Doc. # 16]. For the following reasons, the Court denies WIL-BFK's Motion to Dismiss and grants in part Sherrell's Motion to Add Party.

**I.    Background**

This case concerns Sherrell's termination from her position at WIL-BFK on May 28, 2008, following an absence for medical reasons. Sherrell and her husband filed for bankruptcy, Bankruptcy Case No. 09-20223-DRD-7, in the

Bankruptcy Court for the Western District of Missouri on February 13, 2009. That filing created a bankruptcy estate administered by bankruptcy trustee John Reed ("the Trustee"). Sherrell filed the instant FMLA claim with this Court on April 17, 2009. WIL-BFK discovered that Sherrell was in bankruptcy after receiving her Rule 26 disclosures, and moved to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

## II. Discussion

WIL-BFK offers two reasons why this action should be dismissed, or in the alternative, referred to the bankruptcy judge. First, WIL-BFK argues that this Court lacks subject-matter jurisdiction over Sherrell's FMLA claim because any potential damages are property of the bankruptcy estate. Second, WIL-BFK contends that Sherrell's FMLA claim is a "core proceeding" to her bankruptcy case and must therefore be heard in front of the bankruptcy judge in that case.

### A. Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and this Court must always satisfy itself that the requirements of jurisdiction have been met. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982-83 (8th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts are competent forums for claims brought under the FMLA by former employees against their former employer, 29 U.S.C. § 2617(a)(2), and no party claims otherwise.

However "if a plaintiff lacks standing, the district court has no subject matter jurisdiction." *Gray*, 567 F.3d at 980.

When a debtor files for bankruptcy, an estate is created which contains all of the debtor's "legal or equitable interests . . . in property as of the commencement of the [bankruptcy] case." 11 U.S.C. §§ 541(a)(1). This includes all "causes of action and rights of recovery on legal claims, whether in pending litigation or not." *Canterbury v. Federal-Mogul Ignition Co.*, 483 F. Supp. 2d 820, 824 (S.D. Iowa 2007) (citing *In re Ozark Rest. Equip. Co., Inc.*, 816 F.2d 1222, 1225 (8th Cir. 1987)). Once these claims become part of the bankruptcy estate, the debtor no longer has standing to pursue them. *Ozark Rest. Equip. Co.*, 816 F.2d at 1225. Instead, the trustee of the bankruptcy estate becomes the real party in interest to those claims and may prosecute them for the benefit of the estate. *Id.*; *see* 11 U.S.C. § 704(a)(1). However, several courts have held that a debtor who lacks standing to pursue a claim for monetary damages may remain a plaintiff insofar as the debtor seeks equitable relief that would be of little or no value to the estate (i.e. reinstatement or injunctive relief). *See E.E.O.C. v. Merchants State Bank*, 554 F. Supp. 2d 959, 962 (D.S.D. 2008) (finding a debtor-plaintiff had standing to pursue injunctive relief and reinstatement) (citing *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1297 (11th Cir. 2003), and *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1289 (11th Cir. 2002)).

WIL-BFK argues that this Court lacks jurisdiction over Sherrell's FMLA claim because any potential damages from that claim are property of the bankruptcy estate. While that argument serves to strip Sherrell of her standing on her request for damages, it does not entirely deprive this Court of jurisdiction over her FMLA claim. When Sherrell filed for bankruptcy, her FMLA claim became property of the bankruptcy estate to the extent it sought damage. 11 U.S.C. § 541(a)(1); *see, e.g., Canterbury v. Federal-Mogul Ignition Co.*, 483 F. Supp. 2d 820, 824 (S.D. Iowa 2007) (finding debtor-plaintiff in a case under the FMLA, ADA, and Iowa Civil Rights Act lacked standing to pursue claims that were ripe before debtor-plaintiff filed for bankruptcy). Therefore, insofar as the Complaint seeks monetary damages, Sherrell lacks standing; it is the Trustee who has standing to pursue the request for damages. *See* 11 U.S.C. § 704(a)(1); Fed. R. Civ. P. 17(a)(1). The Trustee is not now a plaintiff, nor has he sought this Court's leave to join in that capacity. Thus, this Court lacks subject matter jurisdiction over Sherrell's FMLA claim to the extent it seeks damages and must strike that portion of her Complaint seeking monetary relief.

However, Sherrell also requests equitable relief. The Complaint seeks "such equitable relief as may be appropriate including reinstatement and/or promotion." Sherrell retains standing as a plaintiff as to those remedies, even though she has no right to monetary damages. *See E.E.O.C. v. Merchants*

*State Bank*, 554 F. Supp. 2d 959, 962 (D.S.D. 2008). Hence, the Court will not dismiss her claim under the FMLA.

### B. Motion to Add Party

In response to WIL-BFK's Motion to Dismiss, Sherrell has filed a Motion to Add Party [Doc. # 16], which seeks to add the Trustee "as a party to this pending matter." WIL-BFK counters in its Response to Plaintiff's Memorandum in Opposition [Doc. # 17] that adding the Trustee as a party will not remedy the defect caused by Sherrell's lack of standing.

While the portion of Sherrell's complaint seeking monetary damages has been stricken, the Court still has subject matter jurisdiction over the FMLA claim because of Sherrell's request for equitable relief. Therefore, in the interest of justice, the Court will grant leave to the Bankruptcy Trustee to join in this action to pursue any monetary damages that are owned by the Estate. The Trustee has thirty days from the date of this order to join as a plaintiff.. The Court will not involuntarily join the Trustee since he is the real party in interest and should have control over whether monetary damages will be pursued by the estate. *See,* Fed. R. Civ. P. 17(a)(1). The Court's resolution of this dispute is consistent with both principles of subject matter jurisdiction and the Federal Rules of Civil Procedure.

### C. Bankruptcy Core Proceedings

In addition to claiming that the Court lacks subject matter jurisdiction, WIL-BFK argues that Sherrell's FMLA claim must be dismissed because it is a

core proceeding that should be heard in a bankruptcy court and not a district court.

Title 11 of the United States Code governs bankruptcy in the federal courts. District courts have original but not exclusive jurisdiction over all civil claims related to title 11. 28 U.S.C. § 1334(b). A bankruptcy court functions as a "unit" of its parent district court and derives its authority entirely from that of the district court. 28 U.S.C. §§ 151, 1334(a), 1334(e). Bankruptcy judges "may" – but are not required to – hear and rule on all bankruptcy actions and "core proceedings" thereto. 28 U.S.C. § 157(b)(1). Core proceedings include actions such as administering the estate, distributing assets in the estate, and allowing or disallowing the claims of creditors. 28 U.S.C. § 157(b)(2) (listing matters that are core proceedings). The district court may withdraw any case or proceeding from the bankruptcy court at any time, and is required to withdraw a case if it requires consideration of federal laws not included in title 11. 28 U.S.C. § 157(d).

WIL-BFK argues that Sherrell's FMLA claim is a core proceeding in her bankruptcy, and must therefore be heard in front of the bankruptcy judge in that case. This is incorrect for two reasons. First, the instant FMLA claim is not a core proceeding to Sherrell's bankruptcy, as it does not fit into or otherwise implicate any of the statutory categories of core proceeding

enumerated in § 157(b)(2).[1]  Second, even if the FMLA claim was a core proceeding under § 157(b), this Court would not be obligated to transfer it to the bankruptcy judge as WIL-BFK claims, as this Court retains jurisdiction over cases assigned to the bankruptcy court.  28 U.S.C. § 1334(b).  The FMLA claim cannot be transferred to the bankruptcy court as WIL-BFK requests because this Court then would be required to withdraw it under § 157(d) because it requires the interpretation and application of the FMLA, which is an act outside of title 11.

## III. Conclusion

The Court finds that Sherrell lacks standing to pursue her FMLA claim insofar as it seeks monetary damages; Sherrell retains standing to pursue her FMLA claim insofar as it seeks equitable relief.  The Court will grant leave to the Bankruptcy Trustee to voluntarily join as a plaintiff to seek monetary damages, so long as the request to join is filed by the Trustee within thirty days of the date of this order.

Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss [Doc. # 13] is DENIED, and Plaintiff's Motion to Add Party [Doc. # 16] is GRANTED in part.  Leave is

---

[1] WIL-BFK's summary argument on this topic does not indicate why Sherrell's discrimination claim must be categorized as a core proceeding, nor does it point to the category of core proceeding in which WIL-BFK believes the FMLA claim belongs.

given to the Bankruptcy Trustee to voluntarily join as a plaintiff so long as the request is made within thirty days of the date of this order.

        s/ Nanette K. Laughrey
        NANETTE K. LAUGHREY
        United States District Judge

Dated: October 19, 2009
Jefferson City, Missouri